## Hauer & McNair *versus* Patterson.

1. In an action by the second endorser against the first endorser of a promissory note, the latter cannot show by parol that the second endorser was the surety of the maker and that he had placed his name on the back of the note by mistake.

2. It differs not as regards the effect of the Statute of Frauds, whether a party stands in the attitude of plaintiff or defendant.

May 11th 1877.  Before AGNEW, C. J., SHARSWOOD, MERCUR, PAXSON, WOODWARD and STERRETT, JJ.  GORDON, J., absent.

Error to the Court of Common Pleas of *York county:* Of May Term 1877, No. 155.

Assumpsit by J. G. Patterson against Hauer & McNair, upon the following promissory note :—

" $150.00.                                    July 15th 1873.

" Sixty days after date I promise to pay to the order of Hauer & McNair, at the Shrewsbury Savings Institution, one hundred and fifty dollars, for value received, without defalcation.

JOHN V. GEMMILL."

" Endorsed, HAUER & McNAIR,
          J. G. PATTERSON,
          HAUER & McNAIR."

Defendants pleaded non-assumpserunt, payment, payment with leave, &c.

At the trial before Fisher, P. J., the defendants offered to prove by Gemmill, the maker, that he was indebted to defendants to the amount mentioned in the note ; that when they demanded payment he asked sixty days' time, which defendants declined to give without security ; that thereupon the note was drawn and witness took the same to Patterson and asked him to go his security for the amount ; that Patterson replied, " certainly I will, you have often gone security for me and I for you ;" that witness then produced the note and remarked to Patterson that it was not drawn properly for a surety, to which Patterson answered, " that makes no difference, I will put my name on the back of it and become security for its payment," and that he thereupon wrote his name upon the back of the note, upon which there was then no endorsement.

Defendants further offered to prove that before the note had

matured they took it to the First National Bank of York for discount, having endorsed it after the defendant, and being told by an officer of the bank that the note could not be discounted because the payees had not endorsed it properly, their name being written above that of Patterson ; that at its maturity the note was protested, and the bank brought an action against Patterson, who paid the amount of the note before judgment.

Both of these offers were rejected by the court, who directed the jury to find for the plaintiff, which action of the court was the error assigned.

*John Blackford* and *W. F. Bay Stewart*, for plaintiffs in error. —The court below excluded the first offer, for the reason that the proposed evidence tended to charge Patterson for the debt of another upon his parol promise, or as if the suit was brought by Hauer & McNair against Patterson upon the parol promise of the latter to pay the debt of Gemmill. It is true the presumption of law is, in the absence of legal evidence of a different contract, that he who endorses negotiable paper, before the payee has endorsed it, assumes the position of second endorser : Eilbert v. Finkbeiner, 18 P. F. Smith 243. Was the evidence offered legal evidence of a different contract ? If so we submit it was admissible to show the true position of Patterson on the note, not as second endorser but as one of the makers of the note. The proposed evidence was what was said by Patterson at the time he signed the note, and to explain why he placed his name upon its back, and was admissible to show the intention of the parties : Huss *et al. v.* Morris *et al.*, 13 P. F. Smith 367 ; Powelton Coal Company v. McShain, 25 Id. 245 ; Foster v. McGraw, 14 Id. 464 ; Gould v. Lee, 5 Id. 99 ; Kostenbader v. Peters, 2 Weekly Notes 531 ; Gump's Appeal, 15 P. F. Smith 476 ; Martin v. Berens, 17 Id. 461.

Patterson having paid the note in the absence of any legal liability to do so, the payment was voluntary and cannot be recovered from defendants : Wheatfield Tsp. v. Brush Valley Tsp., 1 Casey 112 ; Natcher v. Natcher, 11 Wright 496 ; Ege v. Koontz, 3 Barr 109.

*A. T. Patterson* and *V. K. Keesey*, for defendant in error.— The plaintiffs concede that Hauer & McNair could not have sustained an action to recover from Patterson the amount of the note on the irregular endorsement, but contend that after he paid the note to the bank, and he brings suit against them as prior endorser, they are allowed to prove that Patterson was security for its payment, notwithstanding the provisions of the Act of 26th April 1855, entitled " A supplement to the act for the prevention of frauds and perjuries," passed 21st day of March 1772, Purd. Dig. 724, pl. 4. That the endorser did mean to assume a responsibility, and that not of a primary but a secondary character, is to be deduced from

[Hauer & McNair *v.* Patterson.]

the very act of writing his name on the back of a negotiable note. Nothing else can be inferred. This presumption might be rebutted by evidence if it was not for the statute : Schafer *v.* Bank, 9 P. F. Smith 150 ; Jack *v.* Morrison, 12 Wright 113 ; Slack *v.* Kirk, 17 P. F. Smith 384 ; Eilbert *v.* Finkbeiner, 18 Id. 247.

Mr. Justice PAXSON delivered the opinion of the court, May 28th 1877.

If the bank had brought suit against the plaintiffs in error as the last endorsers and recovered against them, it is clear the latter could not have recovered against Patterson upon his endorsement, nor could they have recovered against him upon the ground that he (Patterson) was bail or security for ' Gemmill, the maker of the note. This by reason of the Statute of Frauds and Perjuries. Can it make any difference in principle that Patterson having been compelled to pay the bank now sues the plaintiffs as payees and prior endorsers ? We think not. It makes no difference as regards the effect of the Statute of Frauds and Perjuries, whether he stands in the attitude of plaintiff or defendant. To sustain himself in either position he must show by parol that Patterson was security for Gemmill. It requires no argument to show that this would be a violation of the statute.

Judgment affirmed.